**In re Roy MARTIN.**

**Rickey ELLISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–047–CR.**

Court of Appeals of Texas, Austin.

June 30, 1983.

Roy Martin, Austin (appointed), for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

### ORDER ON SHOW–CAUSE HEARING

PER CURIAM.

The prior order of this Court, dated June 29, 1983, is withdrawn, and the following order is issued in its place.

This is a contempt proceeding ancillary to an appeal from a judgment of conviction for attempted capital murder, Tex.Pen.Code Ann. § 15.01(a), § 19.03(a)(1) (1974), which imposed appellant Rickey Ellison's punishment, enhanced by a prior conviction, at confinement for life. The subject of this proceeding is appellant's counsel, Mr. Roy Martin, court-appointed for appeal only.

The record in this cause reflects that notice of approval of the record was sent to Mr. Martin, as counsel for appellant, on March 23, 1983. His brief was therefore due to be filed in this Court no later than April 22, 1983. Tex.Code Cr.P.Ann. art. 40.09(8), (9) (Supp.1982). On May 4, 1983, it having been noted that no brief had been filed in appellant's behalf, and that there

had been tendered no request for an extension of time for filing, this Court ordered Mr. Martin to file a brief on or before May 23, 1983.

Thereafter, on June 8, 1983, neither brief nor request for extension of time having been filed, and having received no communication of any nature from counsel, this Court entered a show-cause order requiring Mr. Martin to appear in person before the Court on June 15, 1983, then and there to show cause why he should not be held in contempt for his failure to obey the May 4 order, and sanctions imposed.

On June 15, 1983, Mr. Martin duly appeared for the show-cause hearing. In his own behalf, and in response to the Court's inquiries, counsel apologized for his failure to timely file the brief; gave an explanation of health problems which prevented his work on the brief; indicated that little or no review of the record had been made, and essentially no work done on the brief; and evaluated the appeal as a serious and important one, due to aggravated facts and the punishment imposed. Although he asked for thirty more days in which to prepare the brief, counsel acknowledged that the condition of his health might not permit his continued representation of appellant. Mr. Martin admitted that he had failed to advise the trial court of his health problems, and that he had failed to communicate with this Court at any time prior to the show-cause hearing.

Despite counsel's assertions regarding the importance and seriousness of the appeal, two days after the hearing on June 15, Mr. Martin tendered a completed brief for filing in this Court. In the nine-page brief, counsel characterizes the appeal as a frivolous one, but submits six grounds of error he says might arguably support the appeal. Our tentative review indicates that they will not.

From the circumstances stated, although we are not without concern for the health problems suffered by Mr. Martin, we find that he is in contempt of this Court, and conclude that he should be punished for

such contempt. Given the state of counsel's health on May 4, 1983, the time he was ordered by this Court to file a brief, it was his obligation, first and quite obviously, to prepare and file the brief as ordered. Secondly, however, even if we assume, based upon what we now have been told, an inability on the part of counsel to prepare and file a brief on or before May 23, it was incumbent upon Mr. Martin to request, on or before that date, an extension of time from this Court, thereby communicating notice of his condition and the reason for the delay, or, assuming an inability to continue his representation, to seek removal and the appointment of other counsel from the trial court, and communicating that action and reason to this Court. As the matter stood on June 15, the date of the show-cause hearing, some fifty-four days had elapsed since the appellant's brief was due to be filed, without any significant amount of work having been done, no request for extension of time having been filed, and absent any notice to either the trial court or this Court of any reason for delay. Neither the orderly administration of the appellate process, nor the right of an indigent defendant to adequate assistance of counsel on appeal, should be impaired in such a way.

It is accordingly ordered that the said Roy Martin shall be punished for such contempt by a fine in the amount of One Hundred Dollars ($100.00). The fine assessed against him shall be discharged by the payment of same to the Clerk of this Court, on or before forty-five days from the date of this order.

Additionally, from the circumstances stated, we are not satisfied that a sufficient review of the record, for the purpose of preparing an appellant's brief, has been undertaken. We have serious doubts, based upon counsel's statements to the Court, of Mr. Martin's present physical ability to render adequate assistance of counsel to appellant. We therefore abate the appeal and remand the cause with remedial instructions to the trial court below. *Duncan v. Evans,* 653 S.W.2d 38 (Tex.Cr.App.1983). Accordingly, the Honorable Tom Blackwell is hereby directed to appoint new and dif-

ferent counsel for appellant. A copy of the order appointing new counsel shall be filed in this Court, by supplemental transcript, on or before July 15, 1983. It is further ordered that a new brief be filed in this Court in appellant's behalf, on or before August 15, 1983.

It is so ordered this the 30th day of June, 1983.

BRADY, J., not participating.