**In re Stephen SHELNUTT.**

**Theodore MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–228–CR.**

Court of Appeals of Texas, Austin.

June 12, 1985.

Stephen Shelnutt, Wichita Falls, pro se and for appellant.

Gerald Fohn, Dist. Atty., San Angelo, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

## ORDER ON SHOW–CAUSE HEARING

PER CURIAM.

■ This is a contempt proceeding ancillary to an appeal from a judgment of conviction for aggravated sexual assault, Tex. Pen.Code Ann. § 22.021(a)(5) (Supp.1985), which imposed appellant Theodore Mendoza's punishment at confinement for thirty years. The subject of this proceeding is appellant's counsel, Mr. Stephen Shelnutt, court-appointed for appeal only.

The record in this cause reflects that notice of approval of the record was sent to Mr. Shelnutt, as counsel for appellant, on August 27, 1984. His brief was therefore due to be filed in this Court no later than September 26, 1984. Tex.Code Cr.P.Ann. art. 40.09(8), (9) (Supp.1985). On October 24, 1984, it having been noted that no brief had been filed in appellant's behalf, and that there had been tendered no request for an extension of time for filing, this Court ordered Mr. Shelnutt to file a brief on or before November 16, 1984.

Instead, on November 19, 1984, Mr. Shelnutt filed a motion to abate the appeal in which he asserted that appellant had not been furnished a transcription of the court reporter's notes. There was no apparent basis for this claim, inasmuch as the appellate record filed in this Court on August 29, 1984, contained a transcription of the court reporter's notes.

Accordingly, on February 20, 1985, by written show-cause order, this Court overruled the motion to abate the appeal. In the order we concluded that if there were good cause for counsel's failure to file the brief as ordered by this Court, or to request an extension of time for filing the same, it was not reflected in the motion to abate the appeal. This Court therefore ordered Mr. Shelnutt to appear in person before the Court on March 20, 1985, then and there to show cause why he should not be held in contempt for his failure to obey the October 24 order, and sanctions imposed.

On March 20, 1985, Mr. Shelnutt tendered a brief for filing and appeared for the show-cause hearing. In his own behalf, and in response to the Court's inquiries, he stated that he had experienced difficulty in obtaining the record from the trial-court clerk for the purpose of preparing his brief. He acknowledged, however, that from the date of this Court's order of October 24, 1984, requiring him to file a brief on or before November 16, to the date of the show-cause hearing on March 20, 1985, he had made no attempt to obtain the record from the clerk. The tardily tendered brief contains no references to the record, and

Mr. Shelnutt acknowledged he had not reviewed the record prior to its preparation.

From the circumstances stated, we find that Stephen Shelnutt is in contempt of this Court, and conclude that he should be punished for such contempt. As of October 24, 1984, the date of this Court's order requiring Mr. Shelnutt to file a brief, it was his obvious obligation to prepare and file the brief as ordered. Further, however, even if we assume, based upon what we have been told, that it was difficult for counsel to prepare and file a brief on or before November 16, due to the stated unavailability of the record, it was nevertheless incumbent upon Mr. Shelnutt to request, on or before that date, an extension of time from this Court, thereby communicating the reason for the delay, and to renew his efforts to obtain the record. As the matter stood on March 20, 1985, the date of the show-cause hearing, some 175 days had elapsed since the appellant's brief was originally due to be filed, with no review of the record having been accomplished, no request for extension of time having been filed, and absent any notice to this Court of any coherent reason for the delay. As this Court has previously observed in a similar context, neither the orderly administration of the appellate process, nor the right of an indigent defendant to adequate assistance of counsel on appeal, should be impaired in such a way. *In re Martin,* 654 S.W.2d 66 (Tex.App.1983, no pet.).

It is accordingly ordered the said Stephen Shelnutt shall be punished for such contempt by a fine in the amount of Four Hundred Dollars ($400.00). The fine assessed against him shall be discharged by the payment of same to the Clerk of this Court, on or before forty-five days from the date of this order. In the event such fine is not timely paid, it shall be collectible in the manner provided by law for any criminal fine.

■ Additionally, from the circumstances recited, it is apparent that no review of the record, for the purpose of preparing an appellant's brief, has been undertaken. In the context presented, we have concluded that it is not feasible for Mr. Shelnutt to continue as appellant's counsel. To afford appellant the adequate assistance of counsel, we therefore abate the appeal and remand the cause with remedial instructions to the court below. *Duncan v. Evans,* 653 S.W.2d 38 (Tex.Cr.App.1983). Accordingly, the Honorable Royal Hart is hereby directed to appoint new and different counsel for appellant. A copy of the order appointing new counsel shall be filed in this Court, by supplemental transcript, on or before June 28, 1985. It is further ordered that a new brief be filed in this Court in appellant's behalf, on or before July 31, 1985.

It is so ordered this the 12th day of June, 1985.