# 305·15

CCA No. PD-_____-15

COA No. 13-12-00368-CR

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

AT AUSTIN, TEXAS

JAVIER DE LA ROSA, JR.
Appellant

VS.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

In Appeal No. 13-12-00368-CR
from the
Court of Appeals
for the Thirteenth Judical District of Texas
at Corpus Christi - Edinburg, Texas

## APPELLANT'S PRO SE PETITION FOR DISCRETIONARY REVIEW

Javier De La Rosa, Jr.
TDCJ No. 1781303
Ferguson Unit
12120 Savage Dr.
Midway, Texas 75852

APPELLANT PRO SE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Trial Court Judge:

Hon. Benjamin Euresti, Jr.
District Judge
107th District Court
974 E. Harrison
Brownsville, TX  78520

Appellant:

Javier De La Rosa, Jr.
TDCJ No. 1781303
Ferguson Unit
12120 Savage Dr.
Midway, Texas  75852

(PRO SE ON ANDERS APPEAL AND PDR)

REPRESENTED ON APPEAL BY:

Rebecca E. RuBane
Attorney-At-Law
847 E. Harrison
Brownsville, TX  78520

(2nd Anders Counsel - Court appointed on appeal only)

Reynaldo G. Garza, III
Attorney-At-Law
ADDRESS UNKNOWN

(1st Anders Counsel - Court appointed on appeal only)

REPRESENTED AT TRIAL BY:

Rick Canales
Attorney-At-Law
845 E. Harrison, Suite B
Bownsville, TX  78520

Julio Ledezma
Attorney-At-Law
845 E. Harrison, Suite B
Brownsville, TX  78520

Ed Stapelton
Attorney-At-Law
2401 Wildflower, Cuite C
Brownsville, TX  78520

Sara Stapelton Reeves
Attorney-At_Law
2401 Wildflower, Suite C
Brownsville, TX  78520

State:

The State of Texas

REPRESENTED ON APPEAL BY:

Luis Saenz
Cameron County County and District Attroney
964 E. Harrison
Brownsville, TX   78520

Jennifer Avendano
Assistant District Attorney

REPRSENTED AT TRIAL BY:

Armando Villalobos
FORMER Cameron COunty County and District Attorney
INCARCERATED in federal prison

NAME UNKNOWN
Assistant District Attorney

NAME UNKOWN
Assistant District Attroney

NAME UNKOWN
Assistant District Attorney (Juvenile Division)

# TABLE OF CONTENTS

PAGE

Identity of Judge, Parties, and Counsel...................... i-ii

Table of Contents........................................iii-iv

Index of Authorties........................................v-vi

Statement Regarding Oral Argument........................... vii

Statement of the Case....................................... viii

GROUNDS FOR REVIEW....................................... xi-xii

Statement of the Case (EXTENDED)........................xiii-xiv

Statement of Procudural History (EXTENDED)................xv-xix

GROUND ONE: PREVIOUSLY HELD ARGUABLE ISSUES................. 1-2

GROUND TWO: APPELLATE COUNSEL IN CONTEMPT OF COURT.......... 3-4

GROUND THREE: JUVENILE COURT RECORD IN ANDERS APPEAL........ 4-5

GROUND FOUR: COUNSEL ON REMAND (HEARING ON INCOMPLETE RECORD) 6-7

GROUND FIVE: ARGUABLE ISSUE, REVERSIBLE ERROR, & WHOLLY FRIVOLOUS 7-9

GROUND SIX: PRO SE ISSUES................................... 9-12

    1)    INVOLUNTARY GUILTY PLEA...............10

    2)    TRIAL COURT HAD NO JURISDICTION.......11

    3)    INEFFECTIVE ASSISTANCE OF COUNSEL....11-12

    4)    GUILTY PLEA TO JUDGE = NO JURY........12

Prayer...................................................... 13

Verification/Certificate of Service......................... 13

APPENDIX

    "A" - COA Opinion (02/12/15) - NO REVERSIBLE ERROR

    "B" - COA ORDER ABATING APPEAL - ARGUABLE ISSUES (01/06/2014)

    "C" - COA ORDER OF CONTEMPT - 2ND ANDERS COUNSEL (10/21/2014)

    "D" - COA ORDER ABATING APPEAL - INCOMPLETE RECORD (07/30/2013)

    "E" - COA DOCKET - CASE EVENTS (05/04/2012 - 03/23/2015)

# TABLE OF CONTENTS

PAGE

PAGE

BLANK PAGE

# INDEX OF AUTHORTIES

CASE                                                              PAGE

Ex Parte Allen, 618 S.W.2d 357 (Tex.Crim.App.1981).....11

Ex parte Amezquita, 223 S.W.3d 363 (Tex.Crim.App.2006)......12

Anders v. California, 386 U.S. 738 (1967)....................xvii,4

Andrews v. State, 159 S.W.3d 98 (Tex.Crim.App.2005).........12

Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005)....xv,xvii,7

Boykin v. Alabama, 395 U.S. 238 (1969).......................10

Ex parte Briggs, 187 S.W.3d 458 (Tex.Crim.App.2005).........12

Carmell v. Quarterman, 292 Fed. Appx. 317 (5th Cir. 2006)...6

Chapman v. California, 87 S.Ct. 824 (1967)..................8

Davis v. State, 150 S.W.3d 196
        (Tex.App. - Corpus Christi 2004).............5

De La Cerda v. State, 325 S.W.3d 367 (Tex.Crim.App.2011)....11

High v. State, 573 S.W.2d 807 (Tex.Crim.App.1978)...........7

Holt v. State, 64 S.W.3d 434
        (Tex.App. - Waco 2001)......................xix

Jennings v. State, 890 S.W.2d 809 (Tex.Crim.App.1995).......6

Johnson v. State, 43 S.W.3d 1 (Tex.Crim.App.2001)...........8

Kelly v. State, 436 S.W.3d 313 (Tex.Crim.App.2014)....xviii,1,4

Kent v. U.S., 383 U.S. 541 (1966).............................4

Livar v. State, 929 S.W.2d 573
        (Tex.App. - Fort Worth 1996).................11

Marin v. State, 851 S.W.3d 355 (Tex.Crim.App.1993)..........12

Martinez v. State, 313 S.W.3d 355
        (Tex.App. - Houston [1st Dist] 2009).........8,9

Ex parte Maxwell, 424 S.W.3d 66 (Tex.Crim.App.2014).........11

Miller v. Alabama, 132 S.Ct. 2155 (2012)....................10,11

Moon v. State, PD-1215-13, (Tex.Crim.App.Decemeber 10, 2014).4

Oliver v. State, 872 S.W.2d 713 (Tex.Crim.App.1996).........6

Ortiz v. State, 849 S.W.2d 921
          (Tex.App. - corpus Christi 1993).............5

Padilla v. Kentucky, 176 L.Ed.2d 284 (2010)................10

Perryman v. State, 159 S.W.3d 778
          (Tex.App. - Waco 2005).........................1

Matter of R.A.G., 866 S.W.2d 199 (Tex.1993)................11

Smith v. Robbins, 120 S.Ct. 746 (2000)...................7,8,9

Roper v. Simmons, 125 S.Ct. 1183 (2005).................11-12

Rushing v. State, 85 S.W.3d 283 (Tex.Crim.App.2002)........xvi

Satterwhite v. State, 858 S.W.2d 412 (Tex.Crim.App.1993)....2

In re Schulman, 252 S.W.3d 403 (Tex.Crim.App.2008).........1,2,4,6

In re Shelnutt, 695 S.W.2d 622
          (Tex.App. - Austin 1985).....................3

Stafford v. State, 813 S.W.2d 503 (Tex.Crim.App.1991).......2

Stine v. State, 908 S.W.2d 429 (Tex.Crim.App.1995).........12

Taylor v. State, 332 S.W.3d 483 (Tex.Crim.App.2011)........11

In re Tharp, 393 S.W.3d 751 (Tex.Crim.App.2012)............12

Williams v. State, 252 S.W.3d 353 (Tex.Crim.App.2008).......6

Wilson v. State, 366 S.W.3d 335
          (Tex.App. - Houston [1st Dist] 2012).........5

Wilson v. State, 40 S.W.3d 192
          (Tex.App. - Texarkana 2011)..................xix

Wilson v. State, 825 S.W.2d 155
          (Tex.App. - Dallas 1992).....................10

Young v. State, 8 S.W.3d 156 (Tex.Crim.App.2000)...........11

STATUTES / RULES

Code of Criminal Procedure
          Art. 1.051 (  ).................................5
          Art. 4.18......................................11
          Art. 44.47 (b).................................4

Texas Rules of Appellate Procedure
          Rule 25.2 (d).................................xv
          Rule 44.2 (a)..................................8
          Rule 44.2 (b)..................................8

## STATEMENT REGARDING ORAL ARGUMENT

The very nature of Anders appeals that both removes ones right to counsel on appeal and that they are often litigated by uneducated PRO SE prisoners, increases the need for a close look at the issues in this appeal during oral argument. And, specifically in this appeal, the court of appeals previously determined there were "arguable isses" and then sustained a second Anders brief that did not address the priorly found "arguable issues" because, according to the court of appeals, there are no reversible errors. Oral arugment would allow the Court to focus on narrowly defining the difference between arguable issues, reversible error, and wholly frivilous. The court of appeal described this appeal as being in a "unique posture and extereme circumstances" which is confirmed by the numerous procedural irregularties present in the appellate procedure followed by the court of appeals. Oral argument would allow this Court to simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

Javier De La Rosa, Jr., the Appelant, was charged as a juvenile with the murder of his girlfriend. The juvenile court waived jurisdiction over conduct constifuting 1st Degree Murder. However, once in the district court, Mr. De La Rosa was indicted for Capital Murder based upon the State's additional investigation. At that time, the Capital Murder charge subjected Mr. De La Rosa to an automatice capital LIFE sentece without parole. To avoid that sentnce, that was declared unconstitufial while this appeal was pending, Mr. De La Rosa plead guilty to the lesser included offense of 1st degree murder. The guilty plea was before the trial court alone and then a jury determined only the sentnce of 90 years in prison. This appeal followed, where after the court of appeals determined that Mr. De La Rosa had a right to appeal, 1st Anders counsel filed an Anders brief. The court of appeals originally concluded that there were "arguable issues" and had new counsel appointed to file a merits brief. However, 2nd Anders counsel did not file a brief on the merits; but, rather 2nd Anders counsel filed an Anders brief, under threat of contempt, that failed to even address the priorly found arguable issues. 2nd Anders counsel was found in contempt for failure to comply with <u>Kelly</u> and, yet, she continued to represent Mr. De La Rosa. The court of appeals sustained the 2nd Anders brief and AFFIRMED the conviction because there were no reversible errors in this case.

## STATEMENT OF PROCEDURAL HISTORY

In trial cause number, 11-CR-17-A, in the 107th DIstrict Court of Cameron County, Texas, Javier De La Rosa , Jr., was indicted for Capital Murder.  On March 8, 2012, Mr. De La Rosa plead guilty to trial court only.  Then a jury was seated and returned a verdict on punishment alone, for 90 years in prsion. Mr. De La Rosa was sentenced on May 4, 2012.  This appeal followed.

On November 16, 2012, the 13th District Court of Appeals determined that Mr. De La Rosa had a right to appeal.  However, on 1st Anders counsel filed an Anders brief on April 3, 2013. In response to a PRO SE pleading, on June 30, 2013, the court of appeals REMANDED the case to the trial court for a hearing and determination about the completeness of the record.  Mr. De La Rosa was not represented by counsel at the hearing, but it was determined that the appellate record was incomplete.  The appellate record was supplemented with some missing documents and pre-trial hearings.

On January 6, 2014 the court of appeals concluded that there were "arguable issues" present in the appeal.  The court allowed 1st Anders counsel to withdraw and had new counsel appointed. The court of appeals also ordered that a brief on the merits be filed on Mr. De La Rosa's behalf.

Nevertheless, after being threatened with contempt for her delay in filing an Appellant's Brief, 2nd Anders counsel filed an second Anders brief on August, 18, 2014.  Yet, 2nd Anders counsel failed to comply with the notification requirments of Kelly.  And, when 2nd Anders counsel continued to refuse to comply with Kelly, the court of appeals held her in contempt of court on October 21, 2014.  2nd Anders counsel continued to represnt Mr. De La Rosa in this appeal.

2nd Anders counsel's Anders brief did not address the previously found "arguable issues" in any manner. That did not stop the 13th District Court of Appeals from AFFIRMING the conviction in a summary Opinion because there were no revrsible errors. The Opinion was issued on February 12, 2015. NO MOTION FOR REHEARING WAS FILED. In fact, the appellate record demonstrated that 2nd Anders counsel never complied with Rule 68.4 of the Texas Rules of Appellate Procedure and did NOT notify Mr. De La Rosa of the Opinion. However, Mr. De La Rosa was able to learn of the Opinion through other sources and requested an extension of time to file this PRO SE PDR. This Court GRANTED the extension and set a due date of May 15, 2015.

This PRO SE PDR was mailed to the Court of Criminal Appeals, using the prison mail system, on _____.

## GROUNDS FOR REVIEW

**GROUND ONE:** In an Anders appeal, once the appellate court holds that there are "arguable issues" in the appeal, which is a determination that the appeal is NOT wholly frivolous, may the appellate court subsequently dispose of the appeal by sustaining a second Anders brief that does not discuss the previosly found aguable issues?

**GROUND TWO:** Once an appellate court holds a court-appointed appellate attorney in contempt of court for her (non)actions in a pending appeal, must that attorney be removed from that appeal and substitute counsel appointed to represent the indigent appellant?

**GROUND THREE:** In an Anders appeal from a conviction where the appellant was originally charged as a juvenile, and when Article 44.47 (b) of the Code of Criminal Procedure requires juvenile court waiver proceedings to be a part of the appeal after a conviction, must the appellate record examined by the appellate court to determine whether the appeal is wholly frivolous include the record from the juvenile court proceedings?

**GROUND FOUR:** In an Anders appeal, when an appellate court REMANDS the case back to the trial court for a hearing and determination about the completeness of the appellate record, must the appellant be afforded the assistance of counsel at that hearing about the completeness of the record? [SUPP RR (08/16/2013) PASSIM]

**GROUND FIVE:** In an Anders appeal, where according to the U.S. Supreme Court a finding of "wholly frivolous" requires less merit to an appeal than "unlikely to prevail on appeal", "no grave and prejudical errors", and "that the appeal would be unsuccessful", does the standard used by the 13th District Court of Appeals of no "reversible error" correctly measure whether the appeal is "wholly frivolous" -- especially when the court of appeals previously held that there were "arguable issues" present in the appeal?

**GROUND SIX:** In this Anders appeal, do any of the "arguable issues" presented by the Appellant, PRO SE, have a basis in law and fact, so that the appeal is not wholly frivolous, to include:

    1) The guilty plea was involuntary when it was induced by the law's threat of an automatic LIFE sentence **without parole** which was subsequently held to be an unconstitutional and illegal sentence for juveniles, like Appellant [2 RR (08/29/2012) PASSIM];

2) The trial court had no jurisdiction over the Capital Murder indictment when the only conduct the juvenile court considered and waived jurisdiction over was first degree murder [SUPP CR (08/16/2013 & 08/20/2013) ##];

3) Trail counsels were ineffective when they failed to offer any scientific, medical, or psychological evidence to support their sole strategy at sentencing, which was that because a juvenile's brain is not fully developed Appelant desrved a lighter punishment [4 RR (08/29/2012) 78]; and,

4) The trial was improperly split into a two-stage trial and the Jury was an unauthorized trier of fact to determine punishment, after the trial court alone accepted the guilty plea and found Appellant guilty, so that the sentence is VOID [2 RR (08/29/2012) ##].

NOTES ABOUT CITATIONS USED IN THIS PDR:

A date is included with each record citation becuase of the numerous supplemental records that were filed. The date used is the date the record was FILED in the court of appeals, as reflected on that court's docket listing available on the internet.

Thus, SUPP CR (08/20/2013) ##, refers to the Suppelemtnal Clerk's Record FILED on 08/20/2013 in the Court of APpeals and the "##" reflects that Appellant is unaware of the page number for that specific cite. The same is followed for "RR" as the Repolrter's Record.

Additonal cites are given refering to the actions of the 13th District Court of Appeals. Again, dates are used to reference what happendin the court of appeals. These dates are as listed on that court's docket (or case events) available on the internet and, as included herein, as APPENDIX "E".

## STATEMENT OF THE CASE (EXTENDED)

Javier De La Rosa, Jr., the Appellant, was originally a juvenile when he was charged with this murder (that made headlines in south Texas).[1] When the juvenile court waived jurisdiction that court only had before it evidence of conduct that amounted to first degree murder. In fact, the juvenile court Order specifically only waived jurisdiction over 1st degree murder, which means that the juvenile court only considered that the possible punishment could be 5-99 years or life. SUPP CR (08/16/2013 & 08/20/2013) ##. Nevertheless, after further investigation, the State felt they had additional evidence of retaliation (?? for child support even though the deceased was never pregnat ??), of robbery, (?? becuase the deceased's cell phone was missing and perhaps disappeared as an after-thought to the murder ??), and of kidnapping (?? when the deceased's mother was fully aware the deceased was leaving with Mr. De La Rosa ??). Therefore, before the adult district court, the State indicted Mr. De La Rosa for Capital Murder. 1 CR (06/27/2012) 19.

At that time, the Capital Murder indictment subjected Mr. De La Rosa, a juvenile, to an automatic capital LIFE sentence without parole, if he was convicted. Again, that automatice sentence was something the juvenile court never considered possible when it made its decision to waive jurisdiction. Then, the State used the laws's threat of an automatic LIFE sentence without parole to coerce Mr. De La Rosa into pleading guilty to the lesser included offense of first degree murder. 2 RR (08/29/2012) 3-7; 2nd Anders Brief ("AB") - Sufficiency of the Indictment. That

---

1. It might be noted that the murder in this case was of Mr. De La Rosa's Girlfriend and that it had nothing to do with any gang violence or any other criminal activity. Similarly, Mr. De La Rosa had absoultely no other criminal history (juvenile or otherwise).

coerced guilty plea was made before the trial court only and the trial court itself found Mr. De La Rosa guilty. 2 RR (08/29/2012) PASSIM. However, a few months later, and while this appeal was pending, the U.S. Supereme Court held that an **automatic LIFE** sentence **without parole** was an unconsitutional and illegal sentence for juveniles, like Mr. De La Rosa. Subsequently, this Court of Criminal Appeals also held that that Supreme Court ruling would be retroactively effective (to past conduct).

Even though the trial court itself found Mr. De La Rosa guilty, a Jury was seated to decide punishment alone. Mr. De La Rosa did not plead guilty to the Jury, nor did the Jury's verdict include any finding of guilt. CR (06/27/2012) ##; 3 RR (08/29/2012) PASSIM. At sentencing, Mr. De La Rosa's trial counsel's sole strategy was to convince the Jury that a less harsh punishment was appropriate because, as a juvenile, Mr. De La Rosa's brain was not fully developed. 4 RR (08/29/2012) 78. Yet, trial counsel offered no evidence whatsoever of a scientific, medical, of psychological nature that would have supported his lone theory. **None.** Perhaps, not suprisingly than, the Jury returned a verdict of 90 years in prison. This appeal follows.

## STATEMENT OF PROCEDURAL HISTORY (EXTENDED)

In describing this appeal, the 13th District Court of Appeals held that this appeal has a "unique posture and extreme circumstances..." APPENDIX "C" - COA Order of Contempt (10/21/2014) p 4. Yet, one would hardly get that understanding by reading the Court's Opinion. APPENDIX "A". This is because the 13th District Court of Appeals issued a **pro forma**, standard opinion used for Anders appeals.[2] The court reserved the facts that put this appeal in a "unique posture and extreme circumstances" to footnotes. And, the "facts" provided in those footnotes, as well as other "facts" in the Opinion, are misleading and incomplete. Thus, pursuant to Rule 68.4(h) of the Texas Rules of Appellate Procedure, it is necessary to address the procedural background of this appeal in detail.

Appellnat was originally represented on this appeal by Reynaldo G. Garza, III, court-appointed on appeal only. Inspite of the lack of a Certification of Defendant's Right to Appeal, the 13th District Court of Appeals summarly determined that Mr. De La Rosa did have a right to appeal. COA Notice (11/16/2012)[3] Yet, Mr. Garza filed a motion to withdraw and an accompaining Anders brief. COA Docket (04/03/2013). Mr. De La Rosa, acting PRO SE, requested access to the record. COA Docket (04/19/2013). And, there were difficulties with the appellate record being provided to Mr. De La Rosa. COA Letter (06/04/2013) and APPENDIX "B" - COA Order Abating Appeal (01/06/2014) p 3. When Mr. De La Rosa was finally provided with access to the appellate record, the

---

2.    See, Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.2005).
3.    Had the court of appeals at anytime determined that there was no right to appeal, including because the Certification of Defendant's Right to Appeal was never filed, the proper disposition would have been DISMISSAL (not affirmed). See, Tex. R. App. Proc., 25.2 (d).

record was missing parts of the trial record, including the record of the juvenile court proceedings (where the juvenile court waived jursidiction). COA Docket (11/18/2013).

Mr. De La Rosa filed a PRO SE motion to supplement the record with this missing parts and the court of appeals REMANDED the case back to the trial court for a hearing and determination of "what constitutes a complete record." APPENDIX "D" - COA Order (07/30/2013) p 2. However, Mr. De La Rosa was NOT represented by counsel at the remand hearing concerning the incomplete record; and, the State was able to get Mr. De La Rosa, a juvenile, to sign a stipulation about the some of the missing documents. SUPP CR (08/16/2013 & 08/20/2013) PASSIM, SUPP RR (08/16/2013) PASSIM. A supplemental record was filed on appeal that included some priorly excluded pre-trial hearings, but not the juvenile court proceedings.[4] SUPP RR (09/09/2013), SUPP CR (08/20/2013).

Mr. De La Rosa filed a motion requesting for the juvenile court proceedings to be included in the appellate reocrd and complaining of the denial of counsel at the remanded hearing concerning the incomplete record. COA Docket (11/18/2013). Mr. De La Rosa also asked for additonal time to file a PRO SE Response or, in the alternative, for the court of appeal to consider that motion and all prior pleadings as his PRO SE Response. The appeallate "examined and fully considered this motion and all matters raised therein, [and was] of the opinion that it should be and is GRANTED IN PART insofar as the Court considers

---

4    The motion to supplement was actually carried with the case. COA Docket (07/30/2013). And then, it was denied in footnote 5 of the court's Opinion. Had the court of appeals meant that it was refusing to accept the supplemental record that contained the juvenile court's Order waiving jurisdiction, then the appellate record would continue to support that the trial court had no jurisdiction. See, Rushing v. State, 85 S.W.3d 283 (Tex.Crim.App.2002). Therefore, when the court denied that motion in a footnote, it must have meant that it was denying the only relief not priorly granted -- the supplementing of the juvenile court proceedings. COA Docket (08/16/2013).

this motion, together with the other pro se pleadings on file, as appellant's pro se brief in this matter. All other relief requested in this motion is DENIED." APPENDIX "B" - p 2. Then the 13th District COurt of Appeals,:

> "... conclude[d] that there [were] 'arguable' appellate issues in this case. Anders, 386 U.S. at 744, Bledsoe, 178 S.W.3d at 826-27. For instance, appellant has briefed issues pertaining to jurisdiction, the right to appeal, and the completeness of the appellate record. We note this matter has been plagued by repeated difficulties in assembling the appellate record. We further note that appellate counsel did not have the entire record when he filed his ANders brief. We stress that this is not an exhaustive list of arguable issues that could be raised on appeal and, further, that we have not determined that any of these arguments have merit."

APPENDIX "B" - p 3. The court of appeals also specfically mentioned the "various issues pertaining to juvenile cases" raised by Mr. De La Rosa. APPENDIX "B" - p 2. Thus, the appellate court allowed first Anders counsel to withdraw and REMANDED the case to the trial court to appoint new appellate counsel. Finally, the court of appeals ORDERED that, "Appellant's brief on the merits will be due thirty days after the supplemental record is filed." APPENDIX "B" - p 4 (emphasis added).

After 7 extensions of time and another remand about the delay, second Anders counsel, Rebecca E. RuBane, filed another Anders brief (under threat of contempt of court for the delay).[5] In the time period before she filed the 2nd Anders brief, Mrs. RuBane never once communicated with Mr. De La Rosa. COA Docket (05/30/2014 & 06/10/2014). Mr. De La Rosa was seeking to have 2nd Anders counsel have the appelate record supplemented with the juvenile court proceedings. COA Docket (03/26/2014). The appellate court

---

5.    It should be noted that 2nd Anders counsel's brief looks extremely similar to the 1st Anders brief (except for the missing cites and less explanation). It is not reaching, nor an overstatement, to say that 2nd Anders counsel prepared her Anders brief very quickly and under extreme duress.

refused to require 2nd Anders counsel to communicate with Mr. De La Rosa. COA Notice (06/13/2014). **And, the appelate record was never supplemented with the juvenile court proceedings.**[6] Additionally, when 2nd Anders counsel filed her Anders brief she never complied with the new requirments of <u>Kelly</u> concerning providing Appellant (PRO SE) access to the appellate record. Because 2nd Anders counsel continued to comply with <u>Kelly</u>, the court of appeals held 2nd Anders counsel in contempt of court. APPENDIX "C".[7]

Nevertheless, over Mr. De LA Rosa's objections, the court of appeals permitted 2nd Anders counsel to continue to represent Apellant. Mr. De La Rosa also complained that 2nd Anders counsel should not have been allowed to file an Anders brief when the court of appeals had previously held there were "Arguable issues." COA Docket (09/12/2014 & 10/06/2014). At least in part, that concern was carried with the case. COA Notice (motion to hold counsel in contempt) (10/20/2014). Inspite of that motion remaining pending and the recognition that a PRO SE Response does not have to be a "brief", in its Opinion the court of appeals considered that no PRO SE Response was filed. APPENDIX "A" - p 3. And,

---

6. 2nd Anders counsel acknowledged the need to review the juvenile court proceedings in her second motion for extension of time. APPENDIX "C" p 2. Nevertheless, the 2nd Anders brief did not provide any mention, reference, nor discussion about the juvenile court proceedings whatsoever. It appears 2nd Anders counsel's illness that caused the delay in filing a brief also resulted in her failure to remember to review the juvenile court record.

7. In its Order of Contempt, the court of appeals claimed that the court would fulfill the requirments of <u>Kelly</u>. APPENDIX "C". However, the appellate record (and docket listing) fails to support that the appellate court ever did anything to comply with <u>Kelly</u>. Solely as an example, the Order of Contempt itslef was not even mailed to Mr. De La Rosa. COA Notice/Letter (10/21/2014).

the court of appeals summarly denied the complaint about a 2nd Anders brief **after** the prior finding of "arguable issues" being present in the appeal. APPENDIX "A" - p 5, fn 5.

Thus, the court of appeals AFFIRMED the conviction claiming there were no "reversible errors." APPENDNIX "A" - p 4. Amazingly, in a footnote, the court of appeals transformed its previous "note" about 1st Anders counsel not having the complete record into the sole reason behind the appointment for new counsel.[8] Perhaps that mix-up of why the court of appeals appointed new counsel was the result of the numerous different panels of justices that considered this appeal at different stages.[9] This detailed procedural history confirms the "unique poster and extreme circumstance" of this appeal. With this understanding, that is lacking from the 13th District Court of Appeals Opinion, it is a slap in the face to transparent justice for the court to summarly AFFIRM without explaining the court's view on the numerous procedural irregularties encountered in this appeal.

8.   If the sole reason the court of appeals previously appointed new counsel was because 1st Anders counsel did not review the entire record, then the proper relief would have been to STRIKE the 1st Anders brief and allow 1st Anders counsel the opportunity to rebrief (with the entire record). See i.e., Holt v. State, 64 S.W.3d 434 (Tex.App. - Waco 2001); See also, Wilson v. State, 40 S.W.3d 192 (Tex.App. - Texarkana 2001)(explaining the difference between substantive and matter of form problems in Anders briefs and that matters of form result only in rebriefing (not new counsel)).

9.   For instance, while Justice Benavides, the author of the Opinion, is the only Justice on the Opinion's panel that was on the panel to find "arguable issues"; because the prior Order of Abatement (01/06/2014) was **per curiam** there is no indication that Justice Benavides was the lead voter on that panel for this case. And, while Justice Benavides was on the panel to hold 2nd Anders counsel in contempt, she was not on the panel that REMANDED for hearing about the incomplete record. Moreover, it is unclear what panel, or single justice, ruled on the numerous motions.

GROUND ONE: IN AN ANDERS APPEAL, ONCE THE APPELLATE COURT HOLDS THAT THERE ARE "ARGUABLE ISSUES" IN THE APPEAL, WHICH IS A DETERMINATION THAT THE APPEAL IS not WHOLLY FRIVOLOUS, MAY THE APPELLATE COURT SUBSEQUENTLY DISPOSE OF THE APPEAL BY SUSTAINING A SECOND ANDERS BREIF THAT DOES NOT DISCUSS THE PREVIOUSLY FOUND ARGUABLE ISSUES?

This Court has recently "acknowledged 'that there is a need for uniform procedures for those cases in which an Anders brief is filed, especially as the Texas Rules of Appellate Procedure do not provide any explicit guidance.'" See, Kelly v. State, 436 S.W.3d 313, ____ (Tex.Crim.App.2014)(quoting In re Schulman, 252 S.W.3d 403, 410 (Tex.Crim.App.2008)). One Anders procedure this Court has never addressed is whether, after an appellate court, in response to an Anders brief, holds there are "arguable issues" in an appeal, may the appellate court subsequently approve of a second Anders brief filed by newly appointed counsel when the new Anders brief fails to address the previously found "arguable issues." Yet, it does appear that at least one court has disapporved of such a procedure. See, Perryman v. State, 159 S.W.3d 778, 778-779 (Tex.App. - Waco 2005). In this appeal, the 13th District Court of Appeals allowed 2nd Anders counsel to withdraw and AFFIRMED the conviction pursuant to a 2nd Anders brief that did not discuss the previously found "arguable issues" because, according to the court of appeal, there were no "reversible errors." COA Op. p 4.

Javier De La Rosa, the Appellant, specifically complained to the appellate court that 2nd Anders counsel should have been required to file an Appellant's Brief on the Merits. See, COA Docket (09/12/2014 & 10/06/2014). Primarly, in its January 6, 2014 Order of Abatement, the court of appeals concluded there were "arguable issues." APPENDIX "B". Thus, under the law of the case

-1-

doctrine, the appellate court could not (lightly) change its prior holding. See, <u>Satterwhite v. State</u>, 858 S.W.2d 412, 430 (Tex.Crim.App.1993)(following law of the case doctrine after reversal and REMAND from the U.S. Supreme Court). Moreover, in the Order of Abatement, the court of appeals specifically ORDERED that newly appointed appellate counsel was to file an "Appellant's brief on the merits..." APPENDIX "B". That Order was in complaince with this COurt's prior pronouncements that▮ the purpose of appointing new appellate counsel, after a prior Anders brief has been rejected, is so that new counsel can file a merits brief containing the "arguable issues" pointed out by the appellate court and any other issues new counsel might find. See, <u>Schulman</u>, 252 S.W.3d at 409, <u>Stafford v. State</u>, 813 S.W.2d 503, 511 n.32 (Tex.Crim.App.1991). Indeed, an Anders brief is NOT a brief on the merits, rather it is only a document supporting a motion to withdraw. See, <u>Schulman</u>, 252 S.W.3d at 410-411. Thus, the appellate court in this appeal should not have allowed 2nd Anders counsel to file her Anders brief. And, the appellate court should not have AFFIRMED the conviction without the assistance of counsel for the indigent Appellant (through the filing of a brief on the merits).

Along with the denial of several motions about this complaint, the 13th District Court of Appeals denied the motion to hold 2nd Anders in cotempt for not filing a merits brief in footnote five of its Opinion.[FN] This Court should grant review to address this concern.

FN. Mr. De La Rosa did not actually "pray" for the relief of 2nd Anders counsel to be held incontempt. Rather, Mr. De La Rosa pointed out ~~the~~ to the court of appeals that its prior Orders had ORDERED that a merits brief be filed, in addition to the other arguments set out herein.

**GROUND TWO:** ONCE AN APPELATE COURT HOLDS A COURT-APPOINTED APPELLATE ATTORNEY IN CONTEMPT OF COURT FOR HER (NON)ACTIONS IN A PENDING APPEAL, MUST THAT ATTORNEY BE REMOVED FROM THAT APPEAL AND SUBSTITUTE COUNSEL APPOINTED TO REPRESENT THE INDIGENT APPELLANT?

The 13th District Court of Appeals held 2nd Anders counsel in contempt of court for her actions, or inaction, during the pendancy of this appeal. Specifically, 2nd Anders counsel was held in contempt for her failure to comply with the requirments of Kelly. APPENDIX "C". In that Order of Contempt, the appellate court discussed 2nd Anders counsel's extensive delay in filing Appellant's appellate brief. However, the appellate court failed to discuss 2nd ANders counsel's refusal to communicate with Mr. De La Rosa. See, COA Docket (03/26/2014, 05/30/2014, & 06/10/2014); COA Notice (06/13/2014). And, even after being found in contempt of court, when the court of appeals ORDERD 2nd Anders counsel to notify Mr. De La Rosa about the court's Opinion, the appellate record (docket listing) reveals that 2nd Anders counsel also refused to comply with Rule 68.4 of the Texas Rules of Appellate Procedure.[10] Yet, the court of appeals accepted the trial court's finding that Mr. De La Rosa had "not been denied the effective assistance of counsel." COA Order 08/11/2014.

Once again, Mr. De La Rosa complained that when 2nd Anders counsel was held in contempt of court that new counsel should be appointed. COA Docket 12/23/2014. Indeed, one appellate court has held that once appelate counsel is held in contempt of court in a specfic case then new appellate counsel must be appointed. See, In re Shelnutt, 695 S.W.2d 622, 624 (Tex. App. - Austin 1985).

---

10. Mr. De La Rosa was able to learn of the Opinion from other sources in time to request an extension of time from the Court to file his PDR. Yet, this is a perfect example of why, once counsel has been held in contempt, it is probable that something is wrong and they will not, or are unable (becuase of illness), to comply with court Orders (and Rules).

-3-

This should also apply to Anders appeals because, even after an Anders brief has been filed, counsel contiues to have a duty to represent (and assist) an appellant. See, Schulman, 252 S.W.2d at 411.[11] When the 13th District Court of Appeals held 2nd Anders counsel in contempt of court, the court should have required that new counsel be appointed. Review should be GRANTED to address this.

GROUND THREE: IN AN ANDERS APPEAL FROM A CONVICTION WHERE THE APPELLANT WAS ORIGINALLY CHARGED AS A JUVENILE, AND WHEN ARTICLE 44.47 (b) OF THE CODE OF CRIMINAL PROCEDURE REQUIRES JUVENILE COURT WAIVER PROCEEDINGS TO BE A PART OF THE APPEAL AFTER THE CONVICTION, MUST THE APPELLATE RECORD EXAMINED BY THE APPELLATE COURT TO DETERMINE WHETHER THE APPEAL IS WHOOLY FRIVOLOUS INCLUDE THE RECORD FROM THE JUVENILE COURT PROCEEDINGS?

The Texas Legislature has provided that when a defendant is originally charged as a juvenile and the juvenile court waives jurisdiction, the appeal after the conviction includes any concerns from the juvenile court proceedings. See, Moon v. State, PD-1215-13, (Tex.Crim.App. - December 10, 2014)(citing Tex. Code Crim. Proc., art. 44.47 (b)). And U.S. Supreme Court has mandated that there must be meaningful appellate review opportunities for a juvenile court's decision to waive its exclusive jurisdiction. Id. (following Kent v. U.S., 383 U.S. 541, 561 (1966)). More specifically, this Court has held that it will continue to follow Anders v. California, 386 U.S. 738 (1967) that requires appellate courts to conduct "a full examination of all proceedings, to decide whether the case is wholly frivolous." See, Schulman, 252 S.W.3d at 408-409. Thus, the question of if an appellate court can sustain an Anders brief in such a case as this appeal, where Mr. De La Rosa was originally charged as a juvenile and when the appellate court does not have and has never examined the record from the juvenile court proceedings.

---
11. Kelly tends to amplify the need for counsel to continue to provide assistance.

- 4 -

In this Anders appeal, no less than six (6) times the appellate court heard from Mr. De La Rosa, acting PRO SE, about the need to supplement the appellate record with the juvenile court proceedings. COA Docket (07/05/2013, 08/21/2013, 11/18/2013. 03/26/2014, 06/10/2014, 09/12/2012, and 10/06/2014). And, Mr. De La Rosa explained that the juvenile court record was needed to demonstrate what "conduct" was before the juvenile court and that the adult district court did not have jurisdiction over the Capital Murder indicment. COA Docket (11/18/2013). Amazingly, in its January 6, 2014 Abatement Order, the court of appeals recognized that because the juvenile court record was not in the appellate record that "the completeness of the appellate record" was an "arguable issue." APPENDIX "B". Yet, in footnote 5 of its Opinion the court of appeals continued to refuse to supplement the appellate record with the record of the juvenile court proceedings.

Multiple appellate courts have held that in an Anders appeal counsel has a duty to review the record from all the proceedings below. See, Wilson v. State, 366 S.W.3d 335, 339-340 (Tex.App. - Houston [1st Dist.] 2012)(lisintg cases).[12] It would seem to follow that the entire record must be made available for the appellate court to review, if the court is to meet its duty to examine "all proceedings" prior to determining that and Anders appeal is wholly frivolous. This court should GRANT review to determine if "All proceedings" includes juvenile court proceedings when the Appellant was originally charged as a juvenile.

12. See also, Davis v. State, 150 S.W.3d 196 (Tex.App. - Corpus Christi 2004), Ortiz v. State, 849 S.W.2d 921, 924 n. 6 (Tex.App. -Corpus Christi 1993), after remand, 885 S.W.2d 271.

-5-

**GROUND FOUR:** IN AN ANDERS APPEAL, WHEN AN APPELLATE COURT REMANDS THE CASE BACK TO THE TRIAL COURT FOR A HEARING AND DETERMINATION ABOUT THE COMPLETENESS OF THE APPELLATE RECORD, MUST THE APPELLANT BE AFFORDED THE ASSISTANCE OF COUNSEL AT THAT HEARING ABOUT THE COMPLETENESS OF THE RECORD? [SUPP RR (08/16/2013)]

This Court has held that even after an ANders brief is filed, court-apointed appellate counsel has a continuing duty to represent and assist an appellant. See, Schulman, 252 S.W.3d at 411. Additionally, the right to counsel is such a right that it must be implemented (when not waived) even without a request from the criminally accused. See, Williams v. State, 252 S.W.3d 353, 359 n. 40 (Tex.Crim.App.2008), Oliver v. State, 872 S.W.2d 713, 714-715 (Tex.Crim.App.1996). Mr. De La Rosa has never waived his right to counsel and has a right to counsel in this appeal. See i.e, Tex. Code Crim. Proc., art. 1.051( ). Yet, upon REMAND, at the hearing concerning the incomplete record, no counsel was provided to Mr. De La Rosa. SUPP RR (08/16/2013) PASSIM.

Mr. De La Rosa complained to the court of appeals that counsel was not provided upon REMAND at the hearing concerning the incomplete record. COA Docket (11/18/2013). Appellant explained that effective counsel at the hearing would have made sure that the appellate record was "completed" with the entire record from the juvenile court proceedings. The court of appeals disregarded this complaint -- perhaps hoping that newly appointed counsel would insure the appeallate record was completed with the juvenile court proceedings. APPENDIX "B". Yet, it was not to be.

It is well-established that when an appeal is REMANDED for further consideration, an appellant has a right to the assistance of counsel to file a supplemental brief. See, Jennings v. State, 890 S.W.2d 809 (Tex.Crim.App.1995); See also, Carmell v. Quarterman 292 Fed. Appx. 317 (5th Cir. 2006)(on remand from Supreme Court).

- 6 -

This principle should extend to when an appeal is REMANDED to the trial court for any hearing -- even in an Anders appeal. This Court should GRANT review to consider this concern.

**GROUND FIVE:** IN AN ANDERS APPEAL, WHERE ACCORDING TO THE U.S. SUPREME COURT A FINDING OF "WHOLLY FRIVOLOUS" REQUIRES LESS MERIT TO AN APPEAL THAN "UNLIKELY TO PREVAIL ON APPEAL", "NO GRAVE AND PREJUDICAL ERRORS", AND "THAT THE APPEAL WOULD BE UNSUCCESSFUL", DOES THE STANDARD USED BY THE 13TH DISTRICT COURT OF APPEALS OF NO "REVERSIBLE ERROR" CORRECTLY MEASURE WHETHER THE APPEAL IS "WHOLLY FRIVOLOUS" -- ESPECIALLY WHEN THE COURT OF APPEALS PREVIOUSLY HELD THAT THERE WERE "ARGUABLE ISSUES" PRESENT IN THE APPEAL?

For an indignet appellant to have no right on appeal to have counsel to file a merits brief, the appeal must be "wholly frivolous." See, <u>Smith v. Robbins</u>, 120 S.Ct. 746, 756 (2000). What ever else the standard for determining if an appeal is "wholly frivolous", the U.S. Supreme Court has held that the appeal must have less merit than,:

- "unlikely to prevail on appeal",

- "no grave and prejudical error", and

- "that the appeal would be unsuccessful."

See, <u>Robbins</u>, 120 S.Ct. at 761. Yet, in the past this Court has sanctioned standards in place of "wholly frivolous" such as, no harmful error and no reversible error. See, <u>Bledsoe</u>, 178 S.W.3d at 838, <u>High v. State</u>, 573 S.W.2d 807, 811-812 (Tex. Crim.App.[Panel Op.] 1978). This court should GRANT review to clarify the correct standard for determining whether an appeal is "wholly frivolous", which should not include any measurement of harmful or reversible error.

In this appeal, in its Opinion the 13th District Court of Appeals held there was no "reversible error." COA Op. p 4.

Yet, ironically, in a prior Order the court of appeals had held there were "arguable issues" in the appeal. APPENDIX "B". The term arguable issue is the most common term used to measure whether an apeal is wholly frivolous. See, Robbins, 120 S.Ct. at 764. Indeed, in its prior Order, the court of apeals cited to decisions holding appeals were not wholly frivolous by concluding there were arguable issues. APPENDIX "B". Does that mean that even though there are arguable issues in this appeal (and "the appeal is not wholly frivolous", that becuse there are no reversible errors, that Mr. De La Rosa is not entitled to have appelate counsel file a brief on the merits?

Additionally, the decision in this appeal is in direct conflict with Martinez v. State, 313 S.W.3d 355 (Tex.App. - Houston [1st Dist] 2009). In Martinez the appellate court held that the error of when the trial court failed to instruct the jury that extraneous offenses had to be proved beyond a reasonable doubt was an "arguable issue" irrespective of any consideration of harm. In this appeal, both ANders counsel presented in their ANders briefs the error from Mr. De La Rosa's trial where the trial court failed to instruct the Jury that extraneous offenses had to be proved beyond a reasonable doubt. 2nd Anders Brief - Charge Error in Jury Instructions. Yet, Mr. De La Rosa's ANders counsels also argued against him on the issue of harm. But, harm, under both Rule 44.2(a) and 44.2(b) of the Texas Rules of Appellate Procedure, are independent reviews undertaken by the appellate court and an appellant never has the burden to prove any type of harm. See, Chapman v. California, 87 S.Ct. 824, 829 (1967), Johnson v. State, 43 S.W.3d 1, 4-5 (Tex.Crim.App.2001). Thus considerations of harm should never

8

impact whether an appeal is "wholly frivolous." Yet, in conflict with <u>Martinez</u>, inthis appeal, because there was no "reverisble error", the court of apeals sustained the ANders brief that covered the very same "arguable issue" that <u>Matinez</u> held made the appeal not wholly frivolous.

The U.S. Supreme Court has recongnized the inherent ambiguity in the use of the term "arguable issue" to describe whether an appeal is wholly frivolous. See, <u>Robbins</u>, 120 S.Ct. at 762, 764. Specificaly, when , as here, the appellate court used the term "arguable issue" in its REAMND Order -- did the court mean an "arguable issue" that counsel had a duty to address in an Anders brief, or an "arguable issue" in the normal sense of meaning that the appeal was not "wholly frivolous?" The Supreme Court left if to the States to establsih more defenative standards, or terms, to determine, or describe, whether an appeal is wholly frivolus. Id. at 762. This appeal is the perfect case to address this isue, as the court of appeals used incompatable terms and this Court should GRANT review to address this issue.

GROUND SIX:  IN THIS ANDERS APPEAL, DO ANY OF THE "ARGUABLE ISSUES" PRESENTED BY THE APPELANT, PRO SE, HAVE A BASIS IN LAW OR FACT, SO THAT THE APPEAL IS NOT WHOLLY FRIVOLOUS, TO INCLUDE:

    1)  THE GUILTY PLEA WAS INVOLUNTARY WHEN IT WAS INDUCED BY THE LAW'S THREAT OF AN AUTOMATICE LIFE SENTENCE **WITHOUT PAROLE** WHICH WAS SUBSEQUENTLY HELD TO BE UNCONSTITUTIONAL AND AN ILLEGAL SENTENCE FOR JUVENILES, LIKE APPELLANT [2 RR (08/29/2012) PASSIM];

    2)  THE TRIAL COURT HAD NO JURISDICTION OVER THE CAPITAL MURDER INDICTMENT WHEN THE ONLY CONDUCT THE JUVENILE COURT CONSIDERED AND WAIVED JURISDICTION OVER WAS FIRST DEGREE MURDER [SUPP CR (08/16/2013 & 08/20/2013) ##];

    3)  TRIAL COUNSELS WERE INEFFECTIVE WHEN THEY FAILED TO OFFER ANY SCIENTIFIC, MEDICAL, OR PSYCHOLOGICAL EVIDENCE TO SUPPORT THEIR SOLE STRATEGY AT SENTENCING,

- 9 -

WHICH WAS THAT BECAUSE A JUVENILE'S BRAIN IS NOT FULLY DEVELOPED APPELLANT DESERVED A LIGHTER PUNISHMENT [4 RR (08/29/2012) 78];

4) THE TRIAL WAS IMPROPERLY SPLIT INTO A TWO-STAGE TRIAL AND THE JURY WAS AN UNAUTHORIZED TRIER OF FACT TO DETERMINE PUNISHMENT, AFTER THE TRIAL COURT ALONE ACCEPTED THE GUILTY PLEA AND FOUND APPELLANT GUILTY, SO THAT THE SENTNCE IS VOID [2 RR (08/29/2012) ##].

In his numerous PRO SE pleadings, filed throughout this appeal, Mr. De La Rosa presented all kinds of arguable issues. For illistrative purposes, four are set fourth herein to demonstrate that this appeal is NOT wholly frivolous.

## 1) INVOLUNTARY GUILTY PLEA

Ignorance of the law being no excuse, one must consider that Mr. De La Rosa was well aware of the laws' threat of an automatic LIFE sentence **without parole**, at the time he plead guilty, if he was convicted of Capital Murder. See, Wilson v. State, 825 S.W.2d 155, 159 (Tex.App. - Dallas 1992)(applying doctrine to procedural laws).[13 & 14] Yet, not four months after the guilty plea in this case (and while this appeal was pending the U.S. Supreme Court held that an auotmatic LIFE sentence **without parole** was unconsitutional and an illegal sentence for a juvenile like Mr. De La Rosa. See, Miller v. Albama, 132 S.Ct. 2155 (2012).[15 & 16] It is well-established that the Due Process Clause of the Fifth and Fourteeth Amendments to the U.S. Constitution requires guilty pleas to be made intelligently, knowingly, and voluntarily. See, Boykin v. Alabama, 395 U.S. 238 (1969). Mr De La Rosa's guilty

---

13. Ironically, upon the Capital Murer indictment, the trial court incorrectly admonished Mr. De La Rosa that the range of punishment was 5-99 years or life (which was the range for the lesser included plea bargain).
14. Is there any doubt that trial counsels would have been ineffeetive had they failed to advise Mr. De La Rosa of the proper range of punishment for Capital Murder that he was indicted for? See, Padilla v. Kntucky, 176 L.Ed.2d 284 296-297 (2010)("critical obligation of counsel to advise the client of 'the advantage and disadvantages of a plea agreement.'")
15. Mr. De la Rosa plead guilty on March 8, 2012 and the Superme Court decided Miller on June 25, 2012.

-10-

## 2) TRIAL COURT HAD NO JURISDICTION

Of course, Mr. De lA Rosa should never have been indicted for Capital mUrder in any event. The Texas Supreme Court has related that a juvenile court may not make a finding about a less serious charge only to allow an adult district court to proceed on a more serious charge. See, Matter of R.A.G., 866 S.W.2d 199, 200 (Tex. 1993). Yet, in this case, the juvenile court only made a finding of probable cause for first degree murder. SUPP CR (08/16/2013 & 08/20/2013) ##.[18] Nevertheless, when Mr. De La Rosa got to the adult district court, he was indicted for Capital Murder.[19 & 20] The trial court had no jurisdiction over the Capital Murder indictment and the proceedings thereunder are VOID.[21]

## 3) INEFFECTIVE ASSISTANCE OF COUNSEL

There is lots of scientific, medical, and psychological evidence that exisit to demonstrate that the brain of a juvenile is not fully developed. See, Miller, 132 S.Ct. at ____, Roper v.

---

16. This Court of Criminal Appeals has held that Miller applies retroactively. See, Ex parte Maxwell, 424 S.W.3d 66 (Tex.Crim.App.2014). Thus, it applies to the past conduct of the guilty plea.
17. In her Anders brief, 2nd ANders counsel recognized that the purpose of the plea bargain was for Mr. De La Rosa to avoid the automatic LIFE sentence without parole.
18. The juvenile court record would also demonstrate that the evidence (or allegations) of the capital factors (retalation, robbery, and kidnapping) were not before the juvenile court; thus the idea that the adult district court may indict for any "conduct" before the juvenile court would not apply here. See, Livar v. State, 929 S.W.2d 573 (Tex.App. - Fort Worth 1996)(following Ex parte Allen, 618 S.W.2d 357 (Tex.Crim.App.1981)).
19. Meaning that the juvenile court also never considered the possibabilty of a sentence of LIFE without parole when it decided to waive jurisdiction.
20. Because the juvenile court did waive jurisdiction over 1st degree murder, just not Capital Murder, Article 4.18 of the Code of Criminal Procedure, does not apply to this ground. See, De La Cerda v. State, 325 S.W.3d 367, 379-380 (Tex.Crim.App.2011), Taylor v. State, 332 S.W.3d 483 (Tex.Crim.App.2011). And, even if an objection was necessary to this jurisdictional error, there was no straegic reason for trial counsel to fail to object to prevent a Capital Murder chagre and counsel was ineffective not to object. See also, Young v. State, 8 S.W.3d 656, 666-667 (Tex.Crim.App.2000)(right to appeal after open plea of guilty).
21. The Judgment for this conviction specifcally records that it is for a lesser included offense, so that it rests upon the Capital Murder indicment.

<u>Simmons</u>, 125 S.Ct. 1183, 1195 (2005). And, that was Mr. De-La Rosa's trial counsel's sole strategy at sentencing: to convince the Jury that a less harsh punishment was desrved because a juvenile's brain was not fully developed. 4 RR (08/29/2012) 78. Yet, trial counsel failed to present to the Jury any scientific, medical, or psychological evidence to suapprt counsel's sole strategy and counsel was ineffective. See, <u>Ex parte Amezquita</u>, 223 S.W.3d 363 (Tex.Crim.App.2006), <u>Ex parte Brigs</u>, 187 S.W.3d 458 (Tex.Crim. App.2005).[22]

## 4) GUILTY PLEA TO JUDGE = NO JURY

Perahps, the trial court, rather than a Jury, could have considered the Supreme Court's opinions that establish that juveniles' brains are not fully developed. Indeed, Mr. De La Rosa plead guilty before the trial court alone -- making it a ministrial duty for the trial court to also assess punishment. See, <u>In re Tharp</u>, 393 S.W.3d 751 (Tex.Crim.App.2012)[23] Because this was a mandatory unitary proceeding, a second finder-of-fact, the Jury, was not authorized to return a verdict on punishment. Making the 90 year sentence VOID.[24]

With these arguable issues this appeal is not wholly frivolous.

---

22. See, <u>Andrews v. State</u>, 159 S.W.3d 98, 102 (Tex.Crim.App.2005) (IAC on appeal when no plausible stratgic excuse).
23. This "ministrial duty" is a systemic requirment that is non-waivable and under <u>Marin v. State</u>, 851 S.W.2d 275, 278 (Tex.Crim.App.1993) this issue may be raised for the first time on appeal. See, <u>Stine v. State</u>, 908 S.W.2d 429, 430 (Tex.Crim.App.1995).
24. It is wellknown that a void sentnce may also be raised at anytime.

## PRAYER

WHEREFORE, ALL CONSIDERED, JAVIER DE LA ROSA, JR, the Appellant, acting PRO SE, PRAYS this Honorable Court GRANT review in this case, for, one, some, or all of the reasons stated herein, or for any reason the Court might wish to review on it own motion; AND, ANY AND ALL OTHER RELIEF THIS COURT CONSIDERES PROPER IN THE INTEREST OF JUSTICE.

Respectfully Submitted,

X_____
Javier De La Rosa, Jr.
TDCJ No. 1781303
Ferguson Unit
12120 Savage Dr.
Midway, TX 75852

APPELLANT PRO SE


## VERIFICATION / CERTIFICATE OF SERVICE

I, Javier De La Rosa, Jr., TDCJ Id No. 1781303, being currently incarcerated in the Ferguson Unit of TDCJ-CID, in Madison County, Texas; do declare under the penalty of perjury that the facts in this PDR are true and correct and that on the date executed below that I have casued a copy of this PDR to be mailed 1st Class USPS to the Court of Criminal Appeals, the Cameron County District Attorney, and the State Prosecuting Attorney by using the prison mail system.

EXECUTED on this the ___ day of _____, 2015.

_____
Javier De La Rosa, Jr.
Appellant PRO SE

13

APPENDIX "A"


Opinion

13th District Court of Appeals

COA No. 13-12-00368-CR

FILE COPY



**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
DORIAN E. RAMIREZ

**Court of Appeals**

**Thirteenth District of Texas**

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

February 12, 2015

Hon. Rebecca RuBane
Attorney at Law
847 E. Harrison Street
Brownsville, TX 78520
* DELIVERED VIA E-MAIL *

Hon. Luis V. Saenz
District Attorney
964 E. Harrison
Brownsville, TX 78520-7123
* DELIVERED VIA E-MAIL *

Re:     Cause No. 13-12-00368-CR
Tr.Ct.No. 11-CR-17-A
Style:    JAVIER DE LA ROSA JR. v. THE STATE OF TEXAS

Enclosed please find the opinion and judgment issued by the Court on this date.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:mrq
Enc.
cc:   107th District Court/Cameron County (DELIVERED VIA E-MAIL)
      Hon. Eric Garza, District Clerk (DELIVERED VIA E-MAIL)
      State Prosecuting Attorney (DELIVERED VIA E-MAIL)



NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER DE LA ROSA JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Benavides

On March 8, 2012, appellant Javier De La Rosa pleaded guilty to murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02 (West, Westlaw 2013 through 3d C.S.). De La Rosa elected for the jury to determine his punishment, and a trial was

held solely on the issue of punishment. The jury assessed punishment at ninety years' imprisonment with the Texas Department of Criminal Justice's Institutional Division. This appeal followed. De La Rosa's court-appointed counsel has filed an *Anders* brief.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, De La Rosa's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), De La Rosa's counsel carefully discussed why, under controlling authority, there is no

---

[1] On April 3, 2013, De La Rosa's initial appellate attorney filed an *Anders* brief and corresponding motion to withdraw. On January 6, 2014, we issued an order noting that appellate counsel did not have the entire record before he filed his *Anders* brief. Accordingly, we: (1) granted De La Rosa's appellate attorney's motion to withdraw; (2) abated the appeal; and (3) remanded the case to the trial court to appoint a new appellate attorney to review the complete record on appeal. On August 18, 2014, De La Rosa's second appellate attorney filed an *Anders* brief and corresponding motion to withdraw.

reversible error in the trial court's judgment. This Court has also ensured that De La Rosa has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of both pleadings; (3) informed of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record, lacking only De La Rosa's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

In this case, De La Rosa filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. No pro se response was filed.[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] This Court granted three motions for extension of time to give De La Rosa an opportunity to file a pro se brief, if any. A reasonable amount of time has passed, and no pro se response has been filed.

S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, De La Rosa's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to De La Rosa and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

670, 673 (Tex. Crim. App. 2006).[5]

/s/ Gina M. Benavides
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
12th day of February, 2015.

---

[5] De La Rosa filed the following motions, which remain pending: (1) motion to supplement the appellate record; (2) motion to forward original exhibits to this Court; and (3) motion to hold appellate counsel in contempt. After due consideration, we deny all of these motions.

APPENDIX "B"

Order Abating Appeal - 01/06/2014

(Concluding there are "arguable issues" in this appeal)

13th District Court of Appeals

COA No. 13-12-00368-CR

CHIEF JUSTICE
  ROGELIO VALDEZ

JUSTICES
  NELDA V. RODRIGUEZ
  DORI CONTRERAS GARZA
  GINA M. BENAVIDES
  GREGORY T. PERKES
  NORA L. LONGORIA

CLERK
  DORIAN E. RAMIREZ



# Court of Appeals

## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

January 6, 2014

Hon. Benjamin Euresti Jr.
Judge, 107th District Court
974 E. Harrison
Brownsville, TX 78520

Re:     Cause No. 13-12-00368-CR
Tr.Ct.No. 11-CR-17-A
Style:  JAVIER DE LA ROSA JR. v. THE STATE OF TEXAS

Dear Judge Euresti:

Enclosed please find copy of an order issued by this Court on this date.

Very truly yours,

Dorian E. Ramirez, Clerk

DER
Enc.
cc:    Hon. Reynaldo G. Garza III
      Mr. Javier De La Rosa Jr., TDCJ #1781303
      Hon. Luis V. Saenz
      Hon. Aurora De La Garza, District Clerk



# NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER DE LA ROSA JR., Appellant,

v.

THE STATE OF TEXAS, Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

# ORDER ABATING APPEAL

Before Chief Justice Valdez and Justices Benavides and Longoria
Order Per Curiam

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's counsel

has filed a brief and a motion to withdraw with this Court, stating that his review of the

record yielded no grounds of error upon which an appeal can be predicated. Counsel's

brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief.

Currently pending before the Court is "Appellant's Pro Se Motion Concerning Reinstatement of Appeal, Denial of Counsel at Abatement Hearing, lack of Access to Complete Record, (Third) Additional Time to File Pro Se Response to Counsel's *Anders* Brief Due to Appellant's [Transient] Status, and Related Relief; or, in the Alternative, For Court to Consider All Prior and Current Pro Se Filings as Informal Pro Se Response to Counsel's *Anders* Brief." The motion requests assorted relief pertaining to the certification of appellant's right to appeal, the completeness of the record, appellant's access to the record and supplemental records, appellant's right to the assistance of counsel on appeal and during abatement hearings, counsel's duty to review the entire appellate record in performing an *Anders* review, and various issues pertaining to juvenile cases. The motion requests, in the alternative, that this Court consider this pleading and others as appellant's pro se brief. The Court, having examined and fully considered this motion and all matters raised therein, is of the opinion that it should be and is GRANTED IN PART insofar as the Court considers this motion, together with the other pro se pleadings on file, as appellant's pro se brief in this matter. All other relief requested in this motion is DENIED.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In this evaluation, we consider the record, the arguments raised in the

2

*Anders* brief, and issues appellant points out in his pro se brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir.1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

After our independent review, we conclude that there are "arguable" appellate issues in this case. *Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27. For instance, appellant has briefed issues pertaining to jurisdiction, the right to appeal, and the completeness of the appellate record. We note that this matter has been plagued by repeated difficulties in assembling the appellate record. We further note that appellate counsel did not have the entire record when he filed his *Anders* brief. We stress that this is not an exhaustive list of arguable issues that could be raised on appeal and, further, that we have not determined that any of these arguments have merit.

We conclude that appellate counsel has met his professional obligations under *Anders* and GRANT his motion to withdraw. We ABATE the appeal and REMAND the case to the trial court to appoint a new appellate attorney. *See Schulman*, 252 S.W.3d at 409. The trial court shall make the appointment and ensure that a supplemental record

3

of the proceedings is filed in this Court no later than 20 days from the date of this order.

The appeal will be reinstated upon receipt of the supplemental record. Appellant's brief

on the merits will be due thirty days after the supplemental record is filed.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of January, 2014.

4

APPENDIX "C"

Order of Contempt ⸍ (10/21/2015)

(In the Matter of Rebecca Rubane)

13th Court of Appeals

COA No. 13-12-00368-CR



NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

## IN THE MATTER OF
## REBECCA RUBANE[1]

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# ORDER OF CONTEMPT

### Before Justices Rodriguez, Benavides, and Perkes
### Order Per Curiam

This is a contempt proceeding ancillary to appeal number 13-12-00368-CR, styled

*Javier De La Rosa Jr. v. State of Texas*, currently pending in this Court. Appellant is

represented on appeal by appointed counsel, Ms. Rebecca Rubane. Ms. Rubane is

appellant's second court-appointed appellate counsel. The trial court appointed Ms.

---

[1] Ancillary to *Javier De La Rosa Jr. v. The State of Texas*, 13-12-00368-CR.

Rubane as appellant's counsel on January 13, 2014, and we ordered that appellant's brief was due to this Court on January 15, 2014.

On February 13, 2014, Ms. Rubane filed her first motion for extension of time to file appellant's appellate brief citing her busy schedule. This Court granted the motion and ordered that appellant's brief was due on March 28, 2014. On March 31, 2014, Ms. Rubane filed a second motion for extension of time to her appellant's brief citing a need to request and review appellant's juvenile record. We granted this motion and ordered that appellant's brief was due on May 12, 2014. On May 15, 2014, Ms. Rubane filed her third motion for extension of time to file appellant's brief. In this motion, Ms. Rubane informed the Court that she suffered from a serious illness that "greatly reduced" her ability to work. This Court granted Ms. Rubane's motion and ordered appellant's brief due on June 26, 2014. On June 26, 2014, Ms. Rubane failed to file appellant's brief. This Court made unsuccessful attempts to contact Ms. Rubane by telephone. On July 1, 2014, this Court issued an order directing Ms. Rubane to file appellant's brief by July 11, 2014. On July 11, 2014, Ms. Rubane filed her "final" motion for extension of time to file appellant's brief. Ms. Rubane cited continuing health concerns and medical treatment as the reasons for her inability to file her brief. This Court granted Ms. Rubane's motion and ordered her to file appellant's brief by July 18, 2014. On July 18, 2014, Ms. Rubane failed to file her brief or any other motion.

On July 22, 2014, this Court issued an order of abatement and remanded the case to the trial court to hold a hearing to determine (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has

2

effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to new court-appointed counsel. On August 4, 2014, the trial court held a hearing and found that (1) appellant would like to proceed with his appeal; (2) Ms. Rubane had been ill; and (3) appellant has not been denied effective assistance of counsel. The trial court further recommended that counsel be allowed to stay as appellant's current attorney and suggested a new deadline of August 18, 2014 for counsel to file her brief. On August 11, 2014, this Court ordered Ms. Rubane to file appellant's appellate brief by August 18, 2014, or appear for a hearing to show cause why she should not be held in contempt of court. On August 18, 2014, Ms. Rubane filed an *Anders* brief related to this cause. Although the brief was marked as "filed," the Court notified Ms. Rubane that her *Anders* brief was not in compliance with *Kelly v. State*. *See* 436 S.W.3d 313, 315–22 (Tex. Crim. App. 2014). On August 19, 2014, the Court sent a letter to Ms. Rubane notifying her of the deficiencies of the brief and requested that she submit documentary evidence in compliance with *Kelly* by August 29, 2014. On August 29, 2014, the clerk of the court sent a reminder e-mail correspondence to Ms. Rubane about the *Kelly* compliance deadline. Ms. Rubane acknowledged the e-mail correspondence and replied that she would "file it soon." Later that evening, Ms. Rubane emailed the clerk of this court apologizing and stating that her computer had "crashed," would not be able to file her *Kelly* compliance certification by the deadline, but would file it the following morning. No filing was made.

3

On September 15, 2014, this Court issued an order to Ms. Rubane ordering her to comply with the requirements set forth in *Kelly* and to notify this Court of her compliance with the case law and provide documentary proof that she had complied with its requirements. The order further stated that if Ms. Rubane failed to file this notice by September 19, 2014, she was ordered to appear in the Edinburg courtroom of this Court at 9:00 a.m. on September 25, 2014 to show cause why she should not be held in contempt of court. On September 19, 2014, Ms. Rubane failed to file her requisite *Kelly* notice with this Court. Over the course of September 22 and 23, 2014, the clerk of this Court attempted to contact Ms. Rubane by telephone to assist her with filing the requisite *Kelly* notice. On September 23, 2014, Ms. Rubane telephoned the clerk of this Court to notify her that she was ready to file her notice, but was experiencing technical difficulties because her computer had again "crashed." Later that day, Ms. Rubane filed a document with this Court that was not in compliance with *Kelly*. The clerk again telephoned Ms. Rubane to notify her of the deficiency. On September 24, 2014, Ms. Rubane filed another document that did not comply with *Kelly*.

At 9:00 a.m. on September 25, 2014, pursuant to its September 15, 2014 order, this Court held a hearing in its Edinburg courtroom on this matter.[2] Ms. Rubane was not present. Accordingly, this Court took judicial notice of the procedural and factual histories of this case and found Ms. Rubane in contempt of this Court. Furthermore, in light of the unique posture and extreme circumstances of the case, the Court stated that it would fulfill the requisite duties under *Kelly* to ensure compliance. It is therefore

---

[2] A record was made of this hearing. An electronic transcript of this hearing is on file with the clerk of this Court.

ORDERED, ADJUDGED, AND DECREED by the Thirteenth Court of Appeals that:

(1) **Rebecca Rubane** is in contempt of this Court for willfully and intentionally failing to comply with (1) this Court's order dated September 15, 2014 by failing to comply with the requisites of *Kelly v. State* as outlined in the Court's order and correspondence with Ms. Rubane and failing to appear before this Court on September 24, 2014 to show cause why she should not be held in contempt.

(2) **Rebecca Rubane** pay a fine of $500.00 to the Clerk of the Thirteenth Court of Appeals no later than 5:00 p.m. on October 31, 2014. In the event the fine is not timely paid, it shall be collectible in the manner provided by law.

(3) For any future appearance before this Court, **Rebecca Rubane** shall fully comply with the Texas Rules of Appellate Procedure; and

(4) **Rebecca Rubane** ensure that this Court has current contact information for her, including telephone number(s), email address, and business address.

IT IS FURTHER ORDERED that all costs of this proceeding shall be and are assessed against **Rebecca Rubane**, for which execution may issue.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of October, 2014.

5

**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
DORIAN E. RAMIREZ



# Court of Appeals

## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

*www.txcourts.gov/13thcoa.aspx*

October 21, 2014

Hon. Rebecca RuBane
Attorney at Law
847 E. Harrison Street
Brownsville, TX 78520
**\*DELIVERED VIA E-MAIL & CERTIFIED
MAIL, RETURN RECEIPT REQUESTED\***
***7011 1570 0002 2572 2790***

Re:       Cause No. 13-12-00368-CR
Tr.Ct.No. 11-CR-17-A
Style:    JAVIER DE LA ROSA JR. v. THE STATE OF TEXAS

Dear Ms. RuBane:

Enclosed please find a copy of an order issued by this Court on this date.

Very truly yours,

Dorian E. Ramirez, Clerk

DER:mrq
Enc.
cc:    Hon. Luis V. Saenz (DELIVERED VIA E-MAIL)
Hon. Aurora De La Garza, District Clerk (DELIVERED VIA E-MAIL)
Hon. Benjamin Euresti Jr./107th District Court (DELIVERED VIA E-MAIL)



# NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

### IN THE MATTER OF
### REBECCA RUBANE[1]

On appeal from the 107th District Court
of Cameron County, Texas.

# ORDER OF CONTEMPT

**Before Justices Rodriguez, Benavides, and Perkes
Order Per Curiam**

This is a contempt proceeding ancillary to appeal number 13-12-00368-CR, styled

*Javier De La Rosa Jr. v. State of Texas*, currently pending in this Court.   Appellant is

represented on appeal by appointed counsel, Ms. Rebecca Rubane.   Ms. Rubane is

appellant's second court-appointed appellate counsel.   The trial court appointed Ms.

---

[1] Ancillary to *Javier De La Rosa Jr. v. The State of Texas*, 13-12-00368-CR.

Rubane as appellant's counsel on January 13, 2014, and we ordered that appellant's brief was due to this Court on January 15, 2014.

On February 13, 2014, Ms. Rubane filed her first motion for extension of time to file appellant's appellate brief citing her busy schedule. This Court granted the motion and ordered that appellant's brief was due on March 28, 2014. On March 31, 2014, Ms. Rubane filed a second motion for extension of time to her appellant's brief citing a need to request and review appellant's juvenile record. We granted this motion and ordered that appellant's brief was due on May 12, 2014. On May 15, 2014, Ms. Rubane filed her third motion for extension of time to file appellant's brief. In this motion, Ms. Rubane informed the Court that she suffered from a serious illness that "greatly reduced" her ability to work. This Court granted Ms. Rubane's motion and ordered appellant's brief due on June 26, 2014. On June 26, 2014, Ms. Rubane failed to file appellant's brief. This Court made unsuccessful attempts to contact Ms. Rubane by telephone. On July 1, 2014, this Court issued an order directing Ms. Rubane to file appellant's brief by July 11, 2014. On July 11, 2014, Ms. Rubane filed her "final" motion for extension of time to file appellant's brief. Ms. Rubane cited continuing health concerns and medical treatment as the reasons for her inability to file her brief. This Court granted Ms. Rubane's motion and ordered her to file appellant's brief by July 18, 2014. On July 18, 2014, Ms. Rubane failed to file her brief or any other motion.

On July 22, 2014, this Court issued an order of abatement and remanded the case to the trial court to hold a hearing to determine (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has

2

effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to new court-appointed counsel. On August 4, 2014, the trial court held a hearing and found that (1) appellant would like to proceed with his appeal; (2) Ms. Rubane had been ill; and (3) appellant has not been denied effective assistance of counsel. The trial court further recommended that counsel be allowed to stay as appellant's current attorney and suggested a new deadline of August 18, 2014 for counsel to file her brief. On August 11, 2014, this Court ordered Ms. Rubane to file appellant's appellate brief by August 18, 2014, or appear for a hearing to show cause why she should not be held in contempt of court. On August 18, 2014, Ms. Rubane filed an *Anders* brief related to this cause. Although the brief was marked as "filed," the Court notified Ms. Rubane that her *Anders* brief was not in compliance with *Kelly v. State. See* 436 S.W.3d 313, 315–22 (Tex. Crim. App. 2014). On August 19, 2014, the Court sent a letter to Ms. Rubane notifying her of the deficiencies of the brief and requested that she submit documentary evidence in compliance with *Kelly* by August 29, 2014. On August 29, 2014, the clerk of the court sent a reminder e-mail correspondence to Ms. Rubane about the *Kelly* compliance deadline. Ms. Rubane acknowledged the e-mail correspondence and replied that she would "file it soon." Later that evening, Ms. Rubane emailed the clerk of this court apologizing and stating that her computer had "crashed," would not be able to file her *Kelly* compliance certification by the deadline, but would file it the following morning. No filing was made.

3

On September 15, 2014, this Court issued an order to Ms. Rubane ordering her to comply with the requirements set forth in *Kelly* and to notify this Court of her compliance with the case law and provide documentary proof that she had complied with its requirements. The order further stated that if Ms. Rubane failed to file this notice by September 19, 2014, she was ordered to appear in the Edinburg courtroom of this Court at 9:00 a.m. on September 25, 2014 to show cause why she should not be held in contempt of court. On September 19, 2014, Ms. Rubane failed to file her requisite *Kelly* notice with this Court. Over the course of September 22 and 23, 2014, the clerk of this Court attempted to contact Ms. Rubane by telephone to assist her with filing the requisite *Kelly* notice. On September 23, 2014, Ms. Rubane telephoned the clerk of this Court to notify her that she was ready to file her notice, but was experiencing technical difficulties because her computer had again "crashed." Later that day, Ms. Rubane filed a document with this Court that was not in compliance with *Kelly*. The clerk again telephoned Ms. Rubane to notify her of the deficiency. On September 24, 2014, Ms. Rubane filed another document that did not comply with *Kelly*.

At 9:00 a.m. on September 25, 2014, pursuant to its September 15, 2014 order, this Court held a hearing in its Edinburg courtroom on this matter.[2] Ms. Rubane was not present. Accordingly, this Court took judicial notice of the procedural and factual histories of this case and found Ms. Rubane in contempt of this Court. Furthermore, in light of the unique posture and extreme circumstances of the case, the Court stated that it would fulfill the requisite duties under *Kelly* to ensure compliance. It is therefore

---

[2] A record was made of this hearing. An electronic transcript of this hearing is on file with the clerk of this Court.

4

ORDERED, ADJUDGED, AND DECREED by the Thirteenth Court of Appeals that:

(1) **Rebecca Rubane** is in contempt of this Court for willfully and intentionally failing to comply with (1) this Court's order dated September 15, 2014 by failing to comply with the requisites of *Kelly v. State* as outlined in the Court's order and correspondence with Ms. Rubane and failing to appear before this Court on September 24, 2014 to show cause why she should not be held in contempt.

(2) **Rebecca Rubane** pay a fine of $500.00 to the Clerk of the Thirteenth Court of Appeals no later than 5:00 p.m. on October 31, 2014. In the event the fine is not timely paid, it shall be collectible in the manner provided by law.

(3) For any future appearance before this Court, **Rebecca Rubane** shall fully comply with the Texas Rules of Appellate Procedure; and

(4) **Rebecca Rubane** ensure that this Court has current contact information for her, including telephone number(s), email address, and business address.

IT IS FURTHER ORDERED that all costs of this proceeding shall be and are assessed against **Rebecca Rubane**, for which execution may issue.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of October, 2014.

5

APPENDIX "D"

Order Abating Appeal — 07/30/2013

(REMANDING for hearing and determination about completeness of record)

13th District Court of Appeals

COA No. 13-12-00368-CR



# NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JAVIER DE LA ROSA JR.,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

## ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Garza and Perkes
### Order Per Curiam

Currently pending before the Court is appellant's pro se motion to supplement the record.  Appellant's counsel has filed an *Anders* brief herein.  Appellant has been provided with a copy of the record, but he believes the record is incomplete.  Specifically,

the reporter's record is missing page two of the handwritten statement of Rodrigo Loyde (State's Exhibit 2). Appellant states that there is no reporter's record from the pre-trial hearing held on May 31, 2011, and the clerk's record does not include a copy of any order that the juvenile court waived jurisdiction.

This situation requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. See TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court for a determination of what constitutes a complete record.

In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine: (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit, and (5) if anything relevant has been omitted from the reporter's record. See TEX. R. APP. P. 34.6(d), (f).

The trial court shall also determine if the clerk's record, or any part thereof, has been lost or destroyed, and shall make appropriate findings under Tex. R. App. P.

2

34.5(e), if necessary. Otherwise, the court shall determine what steps are necessary to ensure the prompt preparation of a complete clerk's record, and shall enter any orders required to avoid further delay and to preserve the parties' rights. If a filing designated for inclusion in the clerk's record has been lost or destroyed and the parties cannot agree, by written stipulation, for a copy of that item to be included in a supplemental record, the trial court shall determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's supplemental record.

If the clerk's or reporter's record is supplemented, the trial court shall notify this Court as to the date upon which the supplemental record was made available to appellant.

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

Appellant's motion for extension of time to file his brief is hereby GRANTED pending resolution of the matters referenced herein.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2013.

3

APPENDIX "E"

COA Docket - Case Events

13th District COurt of Apeals

COA No. 13-12-00368-CR

# CASE:        13-12-00368-CR

**DATE FILED:**     06/05/2012

**CASE TYPE:**     MURDER

**STYLE:**     JAVIER DE LA ROSA JR.

**V.:**     THE STATE OF TEXAS

**ORIG PROC:**     NO

**TRANSFER FROM:**

**TRANSFER IN:**

**TRANSFER CASE:**

**TRANSFER TO:**

**TRANSFER OUT:**

**PUB SERVICE:**

## APPELLATE BRIEFS

| Date | Event Type | Description | Document |
|------|-----------|-------------|----------|
| 08/18/2014 | Anders brief filed | Appellant | |
| 04/03/2013 | Anders brief filed | Appellant | |

## CASE EVENTS

| Date | Event Type | Description | Disposition | Document |
|------|-----------|-------------|-------------|----------|
| 03/23/2015 | Motion disposed | Pro Se | Grant motion | |
| 02/12/2015 | Memorandum opinion issued | | Affirmed | JUDGMENT [ PDF/37 KB ] <br> MEMORANDUM OPINION [ PDF/102 KB ] <br> NOTICE [ PDF/99 KB ] |
| 02/12/2015 | Motion to withdraw attorney disposed | Appellant | Grant motion | |
| 02/12/2015 | Motion disposed | Pro Se | Motion or Writ Denied | |
| 02/12/2015 | Motion disposed | Pro Se | Motion or Writ Denied | |
| 02/12/2015 | Motion to supplement record disposed | Pro Se | Motion or Writ Denied | |
| 12/23/2014 | Motion for extension of time to file brief disposed | Pro Se | Grant motion | NOTICE [ PDF/99 KB ] |
| 12/11/2014 | Motion for extension of time to file brief filed | Pro Se | | |

| Date | Event Type | Description | Disposition | Document |
|------|-----------|-------------|-------------|----------|
| 11/03/2014 | Fee paid | Appellant | | |
| 10/23/2014 | Document returned | | | |
| 10/21/2014 | Order entered | | | ORDER [ PDF/166 KB ] <br> NOTICE [ PDF/108 KB ] |
| 10/21/2014 | Motion for extension of time to file brief disposed | Pro Se | Grant motion | NOTICE [ PDF/104 KB ] |
| 10/21/2014 | Motion to abate appeal disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/99 KB ] |
| 10/21/2014 | Motion to strike disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/99 KB ] |
| 10/20/2014 | Motion for extension of time to file brief disposed | Pro Se | Grant motion | NOTICE [ PDF/100 KB ] |
| 10/20/2014 | Motion to appoint attorney disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/99 KB ] |
| 10/20/2014 | Motion disposed | Pro Se | Carried with the case | NOTICE [ PDF/100 KB ] |
| 10/20/2014 | Motion to strike disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/99 KB ] |
| 10/06/2014 | Motion for extension of time to file brief filed | Pro Se | | |
| 10/06/2014 | Motion to abate appeal filed | Pro Se | | |
| 10/06/2014 | Motion to strike filed | Pro Se | | |
| 10/01/2014 | Document filed | | | |
| 09/26/2014 | Hearing record filed | | | |
| 09/25/2014 | Letter issued by the court | Appellant | | |
| 09/25/2014 | Internal memo | | | |
| 09/24/2014 | Notice filed | Appellant | | |
| 09/23/2014 | Notice filed | Appellant | | |
| 09/18/2014 | Document filed | Appellant | | |
| 09/15/2014 | Order entered | | | ORDER [ PDF/158 KB ] <br> NOTICE [ PDF/100 KB ] |
| 09/12/2014 | Motion for extension of time to file brief filed | Pro Se | | |
| 09/12/2014 | Motion to appoint attorney filed | Pro Se | | |
| 09/12/2014 | Motion filed | Pro Se | | |
| 09/12/2014 | Motion to strike filed | Pro Se | | |
| 08/29/2014 | Internal memo | Appellant | | |
| 08/19/2014 | Case ready to be set | | | |

| Date | Event Type | Description | Disposition | Document |
|---|---|---|---|---|
| 08/19/2014 | Letter issued by the court | Appellant | | NOTICE [ PDF/100 KB ] |
| 08/18/2014 | Motion to withdraw attorney filed | Appellant | | |
| 08/18/2014 | Anders brief filed | Appellant | | |
| 08/14/2014 | Document filed | Appellant | | |
| 08/11/2014 | Order entered | | | ORDER [ PDF/154 KB ] NOTICE [ PDF/103 KB ] |
| 08/11/2014 | Case reinstated | | | |
| 08/06/2014 | Supplemental reporters record filed | Court Reporter | | NOTICE [ PDF/93 KB ] |
| 08/06/2014 | Supplemental clerks record filed | District Clerk | | NOTICE [ PDF/93 KB ] |
| 07/30/2014 | Letter filed | Trial court judge | | |
| 07/22/2014 | Order issued | | Abated | ORDER [ PDF/174 KB ] NOTICE [ PDF/92 KB ] |
| 07/16/2014 | Submitted | | | |
| 07/14/2014 | Motion for extension of time to file brief disposed | Appellant | Grant motion | |
| 07/14/2014 | Order entered | | | ORDER [ PDF/147 KB ] NOTICE [ PDF/96 KB ] |
| 07/11/2014 | Motion for extension of time to file brief filed | Appellant | | |
| 07/07/2014 | Document filed | Appellant | | |
| 07/01/2014 | Order entered | | | ORDER [ PDF/144 KB ] NOTICE [ PDF/95 KB ] |
| 06/25/2014 | Set for submission on briefs | | | NOTICE [ PDF/93 KB ] |
| 06/13/2014 | Motion to abate appeal disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/53 KB ] |
| 06/13/2014 | Motion for leave disposed | Pro Se | Motion or Writ Denied | NOTICE [ PDF/53 KB ] |
| 06/10/2014 | Motion to abate appeal filed | Pro Se | | |
| 05/30/2014 | Motion for leave filed | Pro Se | | |
| 05/23/2014 | Motion for extension of time to file brief disposed | Appellant | Grant motion | NOTICE [ PDF/52 KB ] |

| Date | Event Type | Description | Disposition | Document |
|------|-----------|-------------|-------------|----------|
| 05/15/2014 | Motion for extension of time to file brief filed | Appellant | | |
| 04/17/2014 | Motion for extension of time to file brief disposed | Appellant | Grant motion | NOTICE [ PDF/52 KB ] |
| 03/31/2014 | Motion for extension of time to file brief filed | Appellant | | |
| 03/26/2014 | Letter filed | Pro Se | | |
| 02/19/2014 | Motion for extension of time to file brief disposed | Appellant | Grant motion | NOTICE [ PDF/52 KB ] |
| 02/13/2014 | Motion for extension of time to file brief filed | Appellant | | |
| 01/27/2014 | Letter filed | Court Reporter | | |
| 01/15/2014 | Case ready to be set | | | |
| 01/15/2014 | Case reinstated | | | NOTICE [ PDF/92 KB ] |
| 01/15/2014 | Supplemental clerks record filed | District Clerk | | NOTICE [ PDF/54 KB ] |
| 01/06/2014 | Motion to withdraw attorney disposed | Appellant | Grant motion | |
| 01/06/2014 | Order issued | | Abated | NOTICE [ PDF/93 KB ] |
| 01/06/2014 | Motion to strike disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 01/06/2014 | Motion disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 01/06/2014 | Motion for extension of time to file brief disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 01/06/2014 | Motion to abate appeal disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 01/06/2014 | Motion disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 01/06/2014 | Motion to supplement record disposed | Pro Se | GRANTED IN PART AND OVERRULED IN PART | |
| 12/04/2013 | Document filed | Pro Se | | |
| 11/18/2013 | Motion to strike filed | Pro Se | | |
| 11/18/2013 | Motion filed | Pro Se | | |
| 11/18/2013 | Motion for extension of time to file brief filed | Pro Se | | |
| 11/18/2013 | Motion to abate appeal filed | Pro Se | | |
| 11/18/2013 | Motion filed | Pro Se | | |
| 11/18/2013 | Motion to supplement record filed | Pro Se | | |
| 11/13/2013 | Record checked in | | | |
| 10/31/2013 | Record checked out | | | |
| 09/10/2013 | Letter filed | Court Reporter | | |

| Date | Event Type | Description | Disposition | Document |
|------|-----------|-------------|-------------|----------|
| 09/09/2013 | Electronic Supplemental Reporter/Recorders Record Filed | | | |
| 09/05/2013 | Telephone inquiry to or from the court | Court Reporter | | |
| 08/21/2013 | Letter filed | Court Reporter | | |
| 08/20/2013 | Electronic Supplemental Clerks Record Filed | | | |
| 08/16/2013 | Case ready to be set | | | |
| 08/16/2013 | Case reinstated | | | |
| 08/16/2013 | Hearing record filed | District Clerk | | |
| 08/16/2013 | Hearing record filed | Court Reporter | | |
| 08/16/2013 | Document filed | Pro Se | | |
| 07/30/2013 | Order issued | | Abated | |
| 07/30/2013 | Motion for extension of time to file brief disposed | Pro Se | Motion or Writ Granted | |
| 07/30/2013 | Motion disposed | Pro Se | Carried with the case | |
| 07/30/2013 | Motion disposed | Pro Se | Motion or Writ Granted | |
| 07/30/2013 | Motion to supplement record disposed | Pro Se | Carried with the case | |
| 07/19/2013 | Letter issued by the court | Pro Se | | |
| 07/18/2013 | Telephone call received | Court Reporter | | |
| 07/18/2013 | Telephone inquiry to or from the court | District Clerk | | |
| 07/05/2013 | Motion for extension of time to file brief filed | Pro Se | | |
| 07/05/2013 | Motion filed | Pro Se | | |
| 07/05/2013 | Motion filed | Pro Se | | |
| 07/05/2013 | Motion to supplement record filed | Pro Se | | |
| 06/18/2013 | Document filed | Trial court judge | | |
| 06/10/2013 | Letter filed | Pro Se | | |
| 06/10/2013 | Telephone call received | Court Reporter | | |
| 06/04/2013 | Letter issued by the court | Trial court judge | | |
| 05/17/2013 | Letter filed | Pro Se | | |
| 05/09/2013 | Order entered | | | |
| 05/09/2013 | Motion for extension of time to file brief disposed | Pro Se | Motion or Writ Granted | |
| 05/09/2013 | Motion disposed | Pro Se | Motion or Writ Granted | |
| 04/19/2013 | Motion filed | Pro Se | | |
| 04/19/2013 | Motion for extension of time to file brief filed | Pro Se | | |
| 04/19/2013 | Motion to withdraw attorney disposed | Appellant | Carried with the case | |

| Date | Event Type | Description | Disposition | Document |
|------|-----------|-------------|-------------|----------|
| 04/03/2013 | Motion to withdraw attorney filed | Appellant | | |
| 04/03/2013 | Case ready to be set | | | |
| 04/03/2013 | Anders brief filed | Appellant | | |
| 02/15/2013 | Order entered | | | |
| 02/15/2013 | Motion for extension of time to file brief disposed | Appellant | Motion or Writ Granted | |
| 02/04/2013 | Additional copies of documents received after initial filing | Appellant | | |
| 01/31/2013 | Motion for extension of time to file brief filed | Appellant | | |
| 01/28/2013 | Motion for extension of time to file brief disposed | Appellant | Motion or Writ Granted | |
| 12/28/2012 | Certificate of conference filed | Appellant | | |
| 12/17/2012 | Motion for extension of time to file brief filed | Appellant | | |
| 11/16/2012 | Motion disposed | Appellant | Motion or Writ Granted | |
| 10/31/2012 | Additional copies of documents received after initial filing | State | | |
| 10/30/2012 | Fax received | State | | |
| 10/17/2012 | Response requested by the court | State | | |
| 08/29/2012 | Exhibits filed | | | |
| 08/29/2012 | Reporters record filed | | | |
| 08/29/2012 | Exhibits received | | | |
| 08/29/2012 | Reporters record received not filed | | | |
| 08/16/2012 | Supplemental clerks record filed | | | |
| 08/16/2012 | Supplemental clerks record received | | | |
| 07/19/2012 | Response filed | Appellant | | |
| 07/19/2012 | Motion filed | Appellant | | |
| 06/28/2012 | Order entered | Appellant | | |
| 06/27/2012 | Clerks record filed | | | |
| 06/27/2012 | Clerks record received | | | |
| 06/13/2012 | Docketing statement filed | Appellant | | |
| 06/07/2012 | Notice to trial court that certification is missing | District Clerk | | |
| 06/05/2012 | Notice of appeal w/form from trial clerk | District Clerk | | |
| 06/05/2012 | Notice of appeal filed in court of appeals | Appellant | | |

| Date | Event Type | Description | Disposition | Document |
|---|---|---|---|---|
| 05/24/2012 | Notice of appeal filed in trial court | District Clerk | | |
| 05/04/2012 | Sentence imposed in the trial court | | | |

## CALENDARS

| Set Date | Calendar Type | Reason Set |
|---|---|---|
| 04/28/2015 | Status | Mandate to Issue |
| 05/15/2015 | Status | Petition for discretionary review due in Court of Criminal Appeals |

## PARTIES

| Party | PartyType | Representative |
|---|---|---|
| THE STATE OF TEXAS | Criminal - State of Texas | Hon. Luis V. Saenz |
| De La Rosa, Jr., Javier | Criminal - Appellant | Javier De La Rosa Jr. Hon. Rebecca RuBane |

## TRIAL COURT INFORMATION

**COURT:** 107TH DISTRICT COURT

**COUNTY:** CAMERON

**COURT JUDGE:** HONORABLE BENJAMIN EURESTI

**COURT CASE:** 11-CR-17-A

**COURT REPORTER:**

**PUNISHMENT:** 90 YEARS TDCJ

Javier DeLaRosa Jr. TDC# 1786803
Ferguson Unit.
12120, Savage Dr.
Midway, TX. 75852

N/21

Clerk.
Court of Criminal Appeals of, Tx
P.O. Box 12308.
Austin, TX. 78711.